IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL P. TORRES, | No. C 12-6236 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| MATTHEW CATE, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and Section 2 of the Sherman Antitrust Act. Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons below, Plaintiff's complaint is DISMISSED.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff claims that PBSP does not permit inmates to purchase eyeglasses or eyewear from an outside vendor. All eyewear must be purchased through the Prison Industry Authority. Plaintiff asserts that this prohibition violates his right to due process, and unfairly monopolizes the market.

Section 2 of the Sherman Act provides that "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony." 15 U.S.C. § 2. In 1943, the Supreme Court assumed that a raisin marketing program adopted pursuant to California law "would violate the Sherman Act if it were organized and made effective solely by virtue of a contract, combination or conspiracy of private persons, individual or corporate," but the Court found "nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature." *Parker v. Brown*, 317 U.S. 341, 350-51 (1943) (emphasis added). The *Parker* "state action" exemption extends to "a state executive branch, when operating within its constitutional and statutory authority." *Deak-Perera Hawaii, Inc. v. Department of Transportation*, 745 F.2d 1281, 1283 (9th Cir. 1984).

The California Department of Corrections and Rehabilitation "[is] entitled to *Parker* immunity for actions taken pursuant to their constitutional or statutory authority, regardless of whether . . . particular actions or their anticompetitive effects were contemplated by the legislature." *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc.*, 810 F.2d 869, 876 (9th Cir. 1987). Allegations that a state executive or a state agency misused its authority do not nullify state-action immunity. *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 402 & n. 10 (9th Cir. 1991).

1    Because actions taken by or at the direction or approval of state governmental bodies or
2 state executives are exempt from the antitrust laws set forth in the Sherman Act, Plaintiff's claim
3 under the Sherman Act is legally frivolous and fails to state a claim upon which relief may be
4 granted.  *See, e.g.*, *Equels v. California Dep't of Corrections*, No. CIV S-03-2589 FCD KJM P,
5 2005 WL 1366474 (E.D. Cal. May 12, 2005) (recommending dismissal of state prisoner's
6 Sherman Act claim and rejecting the prisoner's argument that the Department's vendor package
7 regulation was improperly adopted as an emergency regulation); *Taylor v. Ornoski*, No. C
8 06-2224 MMC (PR), 2006 WL 1646148, at *1 (N.D. Cal. June 14, 2006) (dismissing state
9 prisoner's claim that California prison officials violated the Sherman Act when they promulgated
10 regulations that restrict the vendors authorized to deliver packages to inmates).

11    The Court has considered Plaintiff's conclusory assertion that the Due Process Clause
12 contained in the Fourteenth Amendment gives him a right to make purchases from outside
13 vendors.  The Due Process Clause protects persons against deprivations of life, liberty, and
14 property without due process of law.  It does not guarantee prisoners a right to purchase property
15 from outside vendors, or to purchase property at all.

16    Although protected property interests may arise from state law, Plaintiff has cited no
17 California law that gives him a protected interest in making purchases from outside vendors.
18 California Penal Code § 2600 provides that state prisoners may be deprived of their civil rights
19 when reasonably related to legitimate penological interests.  Among the civil rights listed in
20 Penal Code § 2601 as rights retained by prisoners, subject to the provisions of § 2600, is the right
21 to inherit, own, sell, or convey real or personal property.  The right does not extend to possession
22 of any particular property in prison.  Plaintiff's due process claim is thus also legally frivolous,
23 and fails to state a claim upon which relief may be granted.

24    Although the Court normally allows a *pro se* prisoner to amend his complaint, the Court
25 need not do so where it appears beyond doubt that the plaintiff can prove no set of facts in
26 support of his claim which would entitle him to relief.  *Weilburg v. Shapiro*, 488 F.3d 1202,
27 1205 (9th Cir. 2007).

28

Order of Dismissal
G:\PRO-SE\SJ.LHK\CR.12\Torres236dis.wpd         3

**CONCLUSION**

This action is DISMISSED with prejudice for failure to state a claim.

IT IS SO ORDERED.

DATED: 3/14/13

_____
LUCY H. KOH
United States District Judge